**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD M. LEITZEL, and | : | |
| BARBARA D. LEITZEL, | : | |
| | : | CIVIL ACTION NO. 1:CV-05-1069 |
| Plaintiffs | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MERCHANTS INSURANCE | : | |
| COMPANY OF NEW HAMPSHIRE, | : | |
| INC. and MERCHANTS INSURANCE | : | |
| GROUP, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

Before the Court are cross-motions for judgment on the pleadings. While the motions were pending, Defendant submitted an additional motion for summary judgment. On January 25, 2006, the Court heard oral argument on the dispositive motions. For the reasons that follow, the Court finds that Defendant's motion for judgment on the pleadings must be granted and Plaintiff's motion denied. Additionally, Defendant's motion for summary judgment will be denied as moot.

**I.     Factual Background[1]**

At all times relevant to this action, Plaintiffs Ronald and Barbara Leitzel were named insureds under Personal Auto Insurance Policy number PAP 2664949 ("Policy") issued by Defendants Merchants Insurance Company of New Hampshire, Inc. and Merchants Insurance Group. On April 26, 2004, Plaintiff Ronald Leitzel executed a supplement to the Policy. The

---

[1] For purposes of adjudicating the pending motions, the Court accepts as true all of the well-pleaded allegations in the complaint and interprets the facts in the light most favorable to Plaintiffs.

two-page supplement contained, <u>inter</u> <u>alia</u>, provisions for (1) rejection of Uninsured/Underinsured Motorist ("UM/UIM") coverage; (2) rejection of stacked UM/UIM coverage; and (3) an authorization for lower UM/UIM coverage limits. The supplement was divided into two pages, one of which pertained to UM coverage and the other of which pertained to UIM coverage. The supplement provided that in order to select reduced limits of UM/UIM coverage, the insured was required first to reject UM/UIM coverage and to reject stacking of UM/UIM coverage before affirmatively selecting specified lower coverage limits. As evidenced by his initials and signatures, Mr. Leitzel first rejected UM/UIM coverage and stacking of UM/UIM coverage and then selected reduced UM/UIM coverage limits of $15,000 per person and $30,000 per accident.

On June 29, 2004, Plaintiff Barbara Leitzel was involved in an automobile accident as a result of which she suffered serious and permanent bodily injuries. Plaintiffs made a claim under the Policy, and after reviewing the claim, Defendants issued Plaintiffs a check in the amount of $15,000 representing the maximum amount to which they were entitled under the terms of the Policy as modified by the lower limits authorization form Ronald Leitzel executed. Plaintiffs negotiated that check.

**II.     Procedural History**

On or about May 3, 2005, Plaintiffs commenced an action against Defendants in the Court of Common Pleas of Cumberland County, Pennsylvania. Plaintiffs styled the complaint as a putative class action, asserting a class of plaintiffs that includes all policyholders of Defendants' insurance policies who have executed rejection/waiver of UM/UIM coverage

forms.[2]

On or about May 25, 2005, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) on the basis of diversity of citizenship under 28 U.S.C. §§ 1332(a).

On September 7, 2005, Defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 11.) On September 29, 2005, Plaintiffs opposed Defendants' motion and cross-moved for judgment on the pleadings. (Doc. No. 14.) On September 3, 2005, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 19.) Pursuant to Defendants' written request, the Court heard oral arguments on all pending dispositive motions on January 25, 2006.

**III.    Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial . . . ." Under Rule 12(c), "judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (citation omitted). As with a motion to dismiss under Rule 12(b)(6), the "Court 'views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.'" Mele v. FRB, 359 F.3d 251, 253 (3d Cir. 2004) (quoting Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002)).

---

[2]    Plaintiff did not move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court did not have occasion to consider whether class certification was appropriate.

**IV.     Discussion**

Plaintiffs argue that the official forms Defendants used to allow Plaintiffs to request lower UM/UIM limits violate the technical requirements set forth in § 1731 of Pennsylvania's Motor Vehicle Financial Responsibility Law, codified at 75 Pa. C.S.A. §§ 1701 et seq. ("MVFRL").  Plaintiffs acknowledge that Ronald Leitzel was seeking to lower his UM/UIM policy limits rather than to reject them entirely.  However, Plaintiffs argue that because Defendants' forms required Plaintiffs to first reject UM/UIM coverage before affirmatively selecting reduced coverage, Defendants forms must comply with the requirements imposed by § 1731 of the MVFRL.

Section 1731 of the MVFRL requires, inter alia, that insurers must print rejection forms for UM and UIM coverage on separate sheets of paper and that any rejection forms that do not comply with the statute are deemed void.  75 Pa. C.S.A. § 1731(c.1).  Plaintiffs contend that because Defendants included rejection/waiver forms for UM/UIM coverage and UM/UIM stacking on the same sheet of paper, rather than on separate documents as allegedly required under § 1731, the Plaintiffs' election to have reduced UM/UIM coverage should be declared void and that Defendants be required to provide UM/UIM coverage in an amount equal to the bodily injury liability coverage under the Policy pursuant to the remedial provision of § 1731(c.1).  Additionally, Plaintiffs argue that Defendants' requirement that insureds first reject UM/UIM coverage before affirmatively selecting lower limits for such coverage is unnecessarily confusing and warrants reformation of the Policy under § 1731.

In contrast, Defendants argue that because Plaintiffs were not entirely rejecting UM/UIM coverage, but were merely seeking reduced UM/UIM coverage, the technical requirements

contained in § 1731 are inapplicable and the lower limits authorization form Ronald Leitzel executed is instead governed by the more relaxed requirements contained in § 1734 of the MVFRL.[3]  Defendants note that the Pennsylvania Supreme Court has found that the technical and remedial prescriptions of § 1731 apply solely where an insurer attempts to enforce outright waiver/rejection of UM/UIM coverage and they do not apply where the insured has requested reduced coverage.  See Lewis v. Erie Ins. Exchange, 793 A.2d 143, 155 (Pa. 2002). Accordingly, Defendants argue that because Plaintiffs sought only to reduce their UM/UIM policy limits rather than reject them entirely, the forms are governed by the limited requirements of § 1734, and reformation of the Policy under § 1731 is inappropriate and unwarranted.

Upon careful consideration of the Policy and the lower limits request authorization forms executed by Plaintiff Ronald Leitzel, together with a close reading of the relevant provisions of the MVFRL and Lewis, the Court finds that Plaintiffs' argument is without legal merit.  Lewis makes clear that the supplemental forms authorizing reduced UM/UIM coverage under the Policy are not governed by the technical requirements or remedial provisions set forth in § 1731:

> We hold . . . that the technical and remedial prescriptions of Section 1731(c.1), as such, apply solely in circumstances in which an insurer attempts to enforce outright waiver/rejection of UM/UIM coverage. Accordingly, Section 1731(c.1) does not impede enforcement of [plaintiff's] Section 1734 specific-limits election, although multiple elections were accomplished on a single page, on which unrealized Section 1731(b) and (c) waiver/rejection language also appeared.

Lewis, 79 A.2d at 155.  Plaintiff has not provided, and the Court does not find, any contrary legal authority supporting Plaintiff's argument that § 1731 should be applied in this context.

---

[3]    Section 1734 provides only that "A named insured may request in writing the issuance of coverage under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury."  75 Pa. C.S.A. § 1734.

Accordingly, the Court finds that the lower limits authorization forms executed by Ronald Leitzel are governed by § 1734, and the Court finds that the forms comply with the limited requirements of that subsection of the MVFRL.

Even were the Court to find some merit to Plaintiffs' argument that § 1731 should be applicable to the lower limits authorization forms, the Court notes that the forms Plaintiff Ronald Leitzel executed would not appear to violate any of the statutory requirements contained in § 1731.  Section 1731(b) provides the statutorily-mandated language to be used on a form authorizing the rejection of uninsured motorist ("UM") coverage.  75 Pa. C.S.A. § 1731(b).  Section 1731(c) provides the statutorily-mandated language to be used on a form authorizing the rejection of underinsured motorist ("UIM") coverage.  75 Pa. C.S.A. § 1731(c).  Section 1731(c.1) provides the statutorily-mandated form of the documents to be used to reject UM and UIM coverage.  75 Pa. C.S.A. § 1731(c.1).  This subsection of the MVFRL provides, in relevant part, that:

> Insurers shall print the rejection forms required by subsection (b) and (c) on separate sheets in prominent type and location.  The forms must be signed by the first named insured and dated to be valid.  The signatures on the forms may be witnessed by an insurance agent or broker.  Any rejection form that does not specifically comply with this section is void.  If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits.

Id.

The two lower limits authorization forms attached to the Policy each contain the statutorily-required language for rejection of UM and UIM coverage, and the rejection of these coverages is provided on separate sheets in accordance with § 1731(c.1).

Finally, the Court rejects Plaintiffs' argument that the lower limits authorization forms at

issue in this case violate § 1731 simply because the lower limits authorization forms Ronald Leitzel executed to reduce UM and UIM coverage also each contained a rejection of stacked UM or UIM coverage limits. The Court does not find any requirement in § 1731 or any other section of the MVFRL that rejection of stacked UM coverage must be placed on a separate sheet from rejection of UM coverage. Indeed, in Franks v. Allstate Insurance Company, 895 F. Supp. 77 (M.D. Pa. 1995), Judge McClure of this Court rejected an identical argument made by an insured:

> Rather than reading that each waiver form must be printed on its own page, the language of § 1731(c.1) is that the forms for uninsured motorist protection and underinsured motorist protection must be printed "on separate sheets." This provision can be read to mean that these two forms cannot be printed on the same page, but without requiring that they be separate from other provisions. . . . A reading of [§ 1731(c.1)] . . . leads to the conclusion that the forms set forth in § 1731(b) and (c) may not be printed on the same page, but are not required to be printed on their own page.

895 F. Supp. 77, 81 (M.D. Pa. 1995). Accordingly, Judge McClure held that a waiver form containing rejection of both UIM and stacked UIM coverage was valid and enforceable under the MVFRL. Id.[4] The Court agrees with this analysis of the MVFRL.

For all of the foregoing reasons, the Court finds that Plaintiffs have failed to demonstrate that the Policy or the lower limits authorizations forms used by Defendants violate the statutory requirements of the MVFRL and that Defendants are entitled to judgment on the pleadings. An appropriate Order follows this memorandum.

---

[4] The form and content of a valid waiver for stacked UM and UIM coverage is provided in § 1738 of the MVFRL. 75 Pa. C.S.A. § 1738. This subsection does not require that a rejection/waiver of stacked UM or stacked UIM coverage must be provided on its own sheet of paper. Id. Furthermore, the language used on the lower limits authorization forms executed by Plaintiff Ronald Leitzel with respect to waiver of stacked coverage is identical to the statutorily-required language set forth in § 1738(d). 75 Pa. C.S.A. § 1738(d).

**V.     Order**

And now, this 2nd day of February 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. No. 11) is **GRANTED**.

2. Plaintiffs' Motion for Judgment on the Pleadings (Doc. No. 14) is **DENIED**.

3. Defendants' Motion for Summary Judgment (Doc. No. 19) is **DENIED** as moot.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the file.

      S/ Yvette Kane
      Yvette Kane
      United States District Judge